UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
KAREN JONES,

               Plaintiff,

        - against -

NANCY A. BERRYHILL,

               Defendant.

-------------------------------------------------------x

**MEMORANDUM & ORDER**
17-CV-3985 (PKC)

PAMELA K. CHEN, United States District Judge:

Plaintiff Karen Jones filed this action pursuant to 42 U.S.C. § 405(g) to challenge an adverse determination by the Social Security Administration ("SSA"), which denied Plaintiff benefits. After Plaintiff filed a motion for judgment on the pleadings, the parties stipulated to remand the case to the SSA, where Plaintiff was awarded roughly $90,757 in past-due benefits. Plaintiff's counsel, Charles E. Binder ("Binder"), now moves for $22,689.25 in attorney's fees pursuant to 42 U.S.C. § 406(b) ("Section 406(b)"). For the reasons explained below, Binder's motion is granted and he is awarded $22,689.25.

## BACKGROUND

Binder filed this action on Plaintiff's behalf on July 5, 2017, after representing Plaintiff before the SSA. (Compl., Dkt. 1.) After Plaintiff filed a motion for judgment on the pleadings, (Pl.'s Mot. J. Pleadings, Dkt. 9), the parties stipulated to remand the case to the SSA, (*see* Joint Stip. Remand, Dkt. 12). This Court then awarded Plaintiff $5,300 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (4/03/2018 Docket Order.)

On February 11, 2020, the SSA mailed Plaintiff a first Notice of Award letter informing her that she would receive approximately $14,777 in past-due benefits owed from January 2017 through January 2020, with 25% ($3,694.25) withheld as possible fees for her attorney. (*See*

1

Binder Decl. Ex. D, Dkt. 15-4, at ECF[1] 14–17.)  Plaintiff requested the SSA Appeals Council to review the decision, (Binder Decl., Dkt. 15-3, ¶ 6), and on July 31, 2025, the SSA mailed Plaintiff a second Notice of Award letter granting her approximately $75,980 in past-due benefits owed from July 2013 to June 2025, with 25% ($18,995) withheld as possible fees for her attorney, (*see* Binder Decl. Ex. E, Dkt. 15-4, at ECF 19–23).[2]

By motion filed on August 8, 2025, Binder now seeks $22,869.25 for work performed before this Court.  (Mem. Supp. Fees Mot. ("Mem."), Dkt. 15-2, at 4.)  Along with Binder's motion, counsel submitted a fee agreement, demonstrating that Plaintiff retained Binder on a 25% contingency-fee basis, (Binder Decl. Ex. A, Dkt. 15-4, at ECF 2–3), and itemized time records, indicating that counsel spent a total of 27.9 hours litigating this matter before this Court, (Binder Decl. Ex. B, Dkt. 15-4, at ECF 5).  $22,869.25 for 27.9 hours of work would be an effective hourly rate of $819.69 per hour.

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

[2] Neither letter states the exact amount of past-due benefits awarded, but notes that the SSA "usually" withholds 25% for potential attorney's fees and, in this case, was withholding $3,694.25 and $18,995 from the two letters respectively.  (*See* Binder Decl. Exs. D–E, Dkt. 15-4, at ECF 14–23.)  The SSA also mailed Plaintiff a Notice of Award letter on January 21, 2018, as Plaintiff had filed a separate, successful application for benefits while the action in this Court was pending.  (Binder Decl., Dkt. 15-3, ¶ 3 n.1; Binder Decl. Ex. C, Dkt. 15-4, at ECF 6–13.)  This initial letter, mentioning a withheld amount of $1,063 for potential attorney's fees, appears to address a time period overlapping with the February 2020 Notice of Award letter.  (*See generally* Binder Decl. Exs. C–D, Dkt. 15-4, at ECF 7–8, 14–15.)  The SSA, in its role as a trustee in this Section 406(b) proceeding, confirms that the total of Plaintiff's withheld past-due benefits should be $22,869.25, the sum of the amounts withheld for attorney's fees in the February 2020 and July 2025 letters, and that $22,869.25 does not exceed 25% of what Plaintiff was awarded in past-due benefits.  (*See* SSA's Resp., Dkt. 17, at 1.)

**DISCUSSION**

## I.      Timeliness

Motions for attorney's fees under Section 406(b) must be filed within the 14-day filing period proscribed by Rule 54(d) of the Federal Rules of Civil Procedure. *Sinkler v. Berryhill*, 932 F.3d 83, 86–89 (2d Cir. 2019). The 14-day period begins to run from when "counsel receives notice of the benefits award," *id.* at 88, and the law presumes that "a party receives communications three days after mailing," *id.* at 89 n.5 (citing *Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 37 (2d Cir. 2011)). Furthermore, because Rule 54(d) allows judges to extend the 14-day deadline by court order, "district courts are empowered to enlarge that filing period where circumstances warrant." *Id.* at 89 (citations omitted).

The Commissioner issued two Notices of Award with Plaintiff's claims, with the latest Notice issued on July 28, 2025. (*See* Binder Decl. Ex. E, Dkt. 15-4, at ECF 19.) Counsel filed this motion on August 8, 2025, (Fees Mot., Dkt. 15), less than 14 days later. The motion is thus timely filed.

## II.     Reasonableness of the Requested Fee

### A.      Legal Standard

Section 406(b) of the Social Security Act provides that a court may award a "reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). If the contingency percentage is within the 25% cap, and there is no evidence of fraud or overreaching in making the agreement, a district court should test the agreement for reasonableness. *Fields v. Kijakazi*, 24 F.4th 845, 853 (2d Cir. 2022).

To determine whether a fee is reasonable, a district court should consider (1) "the character of the representation and the results the representative achieved"; (2) "whether a claimant's counsel is responsible for undue delay," unjustly allowing counsel to obtain a percentage of

3

additional past-due benefits;[3] and (3) whether the requested amount is "so large in comparison to the time that counsel spent on the case as to be a windfall to the attorney." *Id.* at 849; *see also id.* at 849 n.2, 853. Ultimately, a district court may reduce the amount called for in the contingency fee agreement "only when [the court] finds the amount to be unreasonable," after considering the factors outlined above. *Id.* at 852–53.

With respect to whether a fee would be a "windfall," in *Fields*, the Second Circuit emphasized that "the windfall factor does *not* constitute a way of reintroducing the lodestar method," and, in doing so, "indicate[d] the limits of the windfall factor." *Id.* at 854. Rather, "courts must consider more than the de facto hourly rate," because "even a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case." *Id.* The Second Circuit instructed courts to consider (1) "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do," *id.*; (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level," *id.* at 855; (3) "the satisfaction of the disabled claimant," *id.*; and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result," *id.*

In addition, if fee awards are made to a claimant's attorney under both the EAJA and Section 406(b), the attorney must refund the claimant the amount of the smaller fee. *Gisbrecht*,

---

[3] This is because the amount of benefits a successful plaintiff receives is calculated from the date of onset up to the date the SSA awards benefits on remand. *See Fields*, 24 F.4th at 849 n.2 ("Undue delay can be a particular problem in cases like these, in which past-due benefits are at stake. Because delay increases the size of a plaintiff's recovery, it may also increase disproportionately a lawyer's contingent fee recovery." (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 791 (2002) (noting that "where the attorney is responsible for delay, the attorney should not be allowed to profit from the accumulation of benefits during the pendency of the case in court"))).

535 U.S. at 796; *Wells v. Bowen*, 855 F.2d 37, 48 (2d Cir. 1988) ("Once appropriate fees under 42 U.S.C. § 406(b) are calculated, the district court should order [the attorney] to return the lesser of either that amount or the EAJA award to his clients.").

### B.      Application

Here, Plaintiff retained Binder pursuant to a 25% contingency-fee agreement.  (Binder Decl. Ex. A, Dkt. 15-4, at ECF 2–3.)  There are no allegations of fraud or overreaching with respect to the retainer agreement.  Binder seeks the full 25% of Plaintiff's past-due benefits.  At 27.9 hours of work, that would be an effective hourly rate of $819.69 per hour.  For the reasons explained below, the Court finds that amount to be reasonable in the context of this case.

To determine reasonableness, the Court first considers "the character of the representation and the results the representative achieved." *Fields*, 24 F.4th at 849.  Here, counsel's briefing was effective and professional, identifying the relevant infirmities, (*see* Pl.'s Mem. Supp. Mot. J. Pleadings, Dkt. 10, at 14–25 (challenging the ALJ's decision as failing to give due weight to the opinion of claimant's treatment physician and dismissing claimant's testimony without substantial evidence)), prompting the SSA to agree to a remand, (*see* Joint Stip. Remand, Dkt. 12), and ultimately achieving what Plaintiff sought—a fully favorable decision and an award of past-due and future benefits, (*see* Binder Decl. Exs. D–E, Dkt. 15-4, at ECF 14–23).  The Court finds that this factor does not warrant a downward adjustment.

Second, the Court must determine whether counsel was responsible for unreasonable delays.  *Fields*, 24 F.4th at 849.  There is no evidence that Binder was responsible for a delay. Rather, Binder and his firm were prompt in all their filings, and the persuasiveness of their opening brief expedited Plaintiff's recovery by convincing the SSA to remand rather than file an opposition. *See Kilgour v. Comm'r of Soc. Sec.*, No. 19-CV-3809 (PKC), 2022 WL 2918235, at *3 (E.D.N.Y. July 25, 2022).  This factor also does not warrant a downward adjustment.

The third consideration with respect to reasonableness is whether the requested amount constitutes a "windfall." *Fields*, 24 F.4th at 849. The Court analyzes four factors in determining whether a requested amount qualifies as a windfall. *Id.* at 854–56.

First, with respect to "the ability and expertise of the lawyers and whether they were particularly efficient," *id.* at 854, the Court believes that 27.9 hours was a reasonable amount of time to spend in this matter. In *Fields*, the Second Circuit found that 25.8 hours reviewing an 863-page transcript, drafting a 19-page brief, and then obtaining a stipulation of dismissal demonstrated particular efficiency, and that "other lawyers might reasonably have taken twice as much time" to do the same work, justifying a *de facto* hourly rate of $1,556.98. *Id.* at 854. Here, Binder and his firm performed work of a similar scale, facing a transcript that was 1,098 pages, (Admin. Tr., Dkt. 8), drafting an opening brief of 25 pages, (Pl.'s Mem. Supp. Mot. J. Pleadings, Dkt. 10), and obtaining a stipulation of remand, (Joint Stip. Remand, Dkt. 12). Further, the *de facto* hourly rate of $819.69 per hour is far lower than in *Fields*, which, in fact, was handled by Binder. The Court finds that this factor does not suggest that the requested fee constitutes a windfall, and, therefore, this factor does not warrant a downward adjustment.

Second, with respect to "the nature and length of the professional relationship with the claimant—including any representation at the agency level," *Fields*, 24 F.4th at 855, the Court finds that this factor does not suggest any windfall. In *Fields*, plaintiff's counsel had represented the plaintiff from the start of his agency proceedings, including four separate hearings before Administrative Law Judges and multiple petitions to the SSA Appeals Council, further enabling plaintiff's counsel to efficiently brief its arguments before the district court, and distinguishing the case from some other cases that had found a windfall. *See id.* at 855. Here, the Court notes that Binder's firm has represented Plaintiff for more than 11 years, including at the agency level, (*see*

6

Mem., Dkt. 15-2, at 4), and so had familiarity with Plaintiff's medical and personal history, which presumably made Binder's work before this Court more efficient. *See, e.g.*, *Kilgour*, 2022 WL 2918235, at *3 (finding that prior representation before the SSA made counsel's hours spent before the Court more efficient); *Miller v. Comm'r of Soc. Sec.*, No. 20-CV-5214 (PKC), 2023 WL 5002789, at *4 (E.D.N.Y. Aug. 4, 2023) (same). This factor does not warrant a downward adjustment.

With respect to "the satisfaction of the disabled claimant," *Fields*, 24 F.4th at 855, the Court presumes that Plaintiff is satisfied with the results, with no evidence to the contrary. *See Gray v. Comm'r of Soc. Sec.*, No. 20-CV-3916 (PKC), 2023 WL 3948796, at *4 (E.D.N.Y. June 12, 2023). Plaintiff received the past-due benefits she sought, and counsel was not responsible for any delays that may have warranted dissatisfaction. Therefore, this factor does not suggest that the requested fee constitutes a windfall. *See, e.g.*, *Hickey v. Comm'r of Soc. Sec.*, No. 18-CV-7053 (PKC), 2022 WL 2918234, at *3 (E.D.N.Y. July 25, 2022) (finding no downward adjustment warranted where there was no evidence of dissatisfaction and counsel achieved a favorable result without any requests for extension); *Kilgour*, 2022 WL 2918235, at *3 (same).

Lastly, with respect to "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result," *Fields*, 24 F.4th at 855, the Court notes that, while Plaintiff's claims were not denied as many times as in *Fields*, counsel did end up representing Plaintiff for multiple rounds before the SSA and the Appeals Council to achieve the present fully favorable decision, (*see* Binder Decl. Ex. F (Appeals Council Order), Dkt. 15-4, at ECF 27–29 (remanding the ALJ's partially favorable decision for further adjudication of Plaintiff's alleged disability onset date); *see also* Binder Decl. Ex. G (SSA Letter of Decision), Dkt. 15-4, at ECF 31–41 (amending Plaintiff's disability onset date to July 26, 2013, and granting a fully

favorable decision of past-due benefits to Plaintiff)).  Accordingly, the Court finds that this factor suggests no windfall and warrants no downward adjustment.

Considering all of the above factors, the Court finds the requested amount to be reasonable.

**CONCLUSION**

For the reasons explained above, the pending motion for attorney's fees under 42 U.S.C. § 406(b) is granted, and Binder is awarded $22,689.25.  Upon receipt of this award from the Government, Binder shall promptly refund Plaintiff $5,300, which represents the EAJA fees already received by counsel.  The case remains closed.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: March 18, 2026
       Brooklyn, New York